**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| STATE GOVERNMENT LEADERSHIP FOUNDATION 1201 F St. N.W. #675 Washington, D.C. 20004, <br><br> Plaintiff, <br><br> v. <br><br> SGLF.ORG, Internet domain name, <br><br> Defendant. | Civil Action No. _____ |

**COMPLAINT**

Plaintiff State Government Leadership Foundation ("Plaintiff" or "SGLF"), by counsel, alleges as follows for its Complaint against *in rem* Defendant sglf.org (the "sglf.org domain"), seeking the transfer of the sglf.org domain to SGLF.

**NATURE OF THE SUIT**

1.      This is an action for *in rem* cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a).

2.      By this action, SGLF seeks to remedy the unlawful use of its SGLF trademark at the website accessible through the sglf.org domain, which (i) maintains the appearance of SGLF's legitimate website while disabling certain links and redirecting other links to inappropriate or unrelated content, (ii) improperly diverts users away from Plaintiff's legitimate online presence, and (iii) creates confusion as to the source, sponsorship, affiliation, or

endorsement of the website displayed through use of the sglf.org domain.

## PARTIES

3.    Plaintiff State Government Leadership Foundation is a nonprofit organization that has, for years, used the SGLF trademark and the sglf.org domain in connection with its activities and communications.

4.    Defendant sglf.org (*hereinafter* "sglf.org domain") is an Internet domain name which, according to domain name registration records, is now improperly registered to an unknown party whose identity is concealed through a privacy registration service.  A copy of the current domain name registration record for sglf.org is attached as Exhibit A.

## JURISDICTION AND VENUE

5.    This is a civil action for federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a).

6.    This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

7.    This Court has *in rem* jurisdiction over the sglf.org domain pursuant to 15 U.S.C. § 1125(d)(2)(A).  *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(ii) because the registration records for the sglf.org domain conceal the identity of the current registrant of the domain name, and therefore SGLF cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) and/or, alternatively, SGLF, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

8.    Pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(II)(aa), Plaintiff will give notice of the

violations of its rights and intent to proceed *in rem*, to the postal and e-mail addresses set forth in the registration records for the sglf.org domain.

9.    Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) and 28 U.S.C. § 1391(b)(2) in that the .ORG registry operator, Public Interest Registry, is located in this District and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## SGLF'S RIGHTS

10.    Plaintiff State Government Leadership Foundation ("SGLF") is a Washington, D.C.-based nonprofit organization formed in 2003 and recognized as a 501(c)(4) social welfare organization.

11.    SGLF conducts research, educational programs, policy briefings, and public communications campaigns focused on issues relevant to state government leaders and the general public, including economic policy, education, energy, healthcare, and judicial issues.

12.    SGLF develops policy initiatives and supports state leadership through research, education, and strategic communications, including media campaigns and public-facing digital content.

13.    In furtherance of its mission, SGLF has sponsored policy meetings and conferences across the United States and has conducted multi-state media programs designed to inform and educate the public and policymakers on matters of public policy.

14.    SGLF began using an active website at sglf.org at least as early as 2008.

15.    SGLF has long promoted its work through the sglf.org domain, which has served as a central platform for disseminating research, policy analyses, educational materials, and public messaging.

16. Through that website, SGLF has provided information on a wide range of policy topics, including redistricting, economic prosperity, education reform, energy and environmental policy, and other issues affecting state governance.

17. Consistent with its public-facing mission, SGLF also produces digital media content—including video programming and communications campaigns—to educate the public and advocate for its policy positions.

18. SGLF's content has been distributed through the sglf.org website, in addition to SGLF's YouTube page, https://www.youtube.com/@stategovernmentleadershipf7006.

19. In addition, SGLF has continuously used the "SGLF" mark (the "SGLF Mark") and the sglf.org domain in commerce in connection with these activities.

20. Through this longstanding and widespread use, SGLF has developed substantial goodwill in the SGLF Mark and has established strong common law trademark rights in the SGLF Mark as a distinctive identifier of SGLF as the source of its services, communications, and online content.

21. The SGLF Mark has become uniquely associated with SGLF's policy research, educational initiatives, and communications efforts, such that members of the public, policymakers, and other stakeholders encountering the sglf.org domain and the SGLF Mark expect to access content originating from, affiliated with, or sponsored by SGLF.

## UNLAWFUL REGISTRATION AND USE OF THE DOMAIN NAME

22. Plaintiff was the registrant of the sglf.org domain for many years, during which time it used the sglf.org domain as its primary online presence for disseminating research, policy materials, and public-facing communications.

23. Following a lapse in renewal caused by administrative issues, including outdated contact information and an expired payment method, the sglf.org domain registration was inadvertently available for purchase by auction from the registrar, GoDaddy.

24. Upon learning that the sglf.org domain would be auctioned, Plaintiff acted promptly to preserve its rights and attempted to reacquire the sglf.org domain through the registrar's auction process. Despite these efforts, the sglf.org domain was acquired on or about October 19, 2025, by an unknown third party, the current domain name registrant.

25. After the transfer, Plaintiff undertook further efforts to recover the sglf.org domain, including contacting the new registrant seeking to reacquire the sglf.org domain.

26. Those efforts were unsuccessful, and the identity of the current domain name registrant remains unknown and shielded through a privacy registration service.

27. Rather than deploying a distinct or independent website, the current domain name registrant has intentionally maintained the appearance and structure of SGLF's former website associated with the sglf.org domain, preserving elements of the original homepage and overall presentation, including continuing to display the SGLF Mark.

28. At the same time, the current domain name registrant has altered the functionality of the website, including by disabling certain internal links and redirecting other links to inappropriate, unrelated, or misleading content. *See* Exhibit B.

29. This conduct allows the current domain name registrant to capitalize on the residual goodwill associated with the SGLF, the sglf.org domain, and the SGLF Mark, while simultaneously degrading SGLF's brand and creating confusion among users who expect to reach SGLF's legitimate website.

5

30. Internet users attempting to access SGLF's website are instead presented with a degraded and manipulated version of SGLF's prior online presence, which falsely appears to be affiliated with or controlled by SGLF.

31. Upon information and belief, the current domain name registrant of the sglf.org domain has no trademark rights, intellectual property rights, or other legitimate interests in the sglf.org domain.

32. The registrant has not used the sglf.org domain in connection with any bona fide offering of goods or services, nor has the registrant engaged in any legitimate noncommercial or fair use of the sglf.org domain.

33. The registrant's use of the sglf.org domain demonstrates a bad-faith intent to profit from SGLF's goodwill, including by intentionally exploiting confusion, leveraging the goodwill associated with SGLF's longstanding use of the SGLF Mark and the sglf.org domain, and concealing his/her/its identity.

34. The current domain name registrant's conduct has caused and continues to cause substantial harm to SGLF, including loss of control over its online identity, disruption of its communications and operations, and damage to the goodwill associated with SGLF.

## COUNT ONE:
### (Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

35. SGLF repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

36. Plaintiff's SGLF Mark is distinctive and was distinctive prior to the time the current domain name registrant's registration or use of the sglf.org domain.

37. The sglf.com domain is identical and/or confusingly similar to Plaintiff's SGLF Mark.

38.     The aforesaid acts by the current domain name registrant constitute registration, maintenance, trafficking in, and/or use of a domain name that is identical to Plaintiff's SGLF Mark, with bad faith intent to profit therefrom.

39.     Plaintiff, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(2)(A)(i)(I).

40.     The aforesaid acts by the current domain name registrant constitute unlawful cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

41.     The aforesaid acts have caused, and are causing, great and irreparable harm to SGLF and the public. The harm to Plaintiff includes harm to the value and goodwill associated with the SGLF Mark that cannot be adequately compensated by monetary damages. Unless preliminarily and permanently restrained and enjoined by this Court, the irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Plaintiff is entitled to an order transferring the sglf.org domain to Plaintiff.

**COUNT TWO:**
(*In rem* **Trademark Infringement**)

42.     SGLF repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

43.     At the time the sglf.org domain was acquired, registered and/or used, SGLF possessed valid federal common law trademark rights in the SGLF Mark.

44.     In light of the sglf.org domain name registrant's concealment of their identity, SGLF is not able to obtain *in personam* jurisdiction over the current domain name registrant of the sglf.org domain or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) or, alternatively, SGLF, despite its due diligence, has been unable to

find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

45.     The registration and/or use of the sglf.org domain is a use in commerce.

46.     The registration and/or use of the sglf.org domain affects SGLF's ability to use its SGLF Mark in commerce.

47.     The sglf.org domain and the current domain name registrant have no valid rights in the SGLF Mark.

48.     At the time the sglf.org domain was acquired on or about October 19, 2025, the sglf.org domain and the current domain name registrant were on actual and/or constructive notice, pursuant to Section 22 of the Lanham Act, 15 U.S.C. § 1072, of the existence of SGLF's superior rights in its SGLF Mark by reason of the existence, at that time, of SGLF's aforementioned federal common law trademark rights.

49.     Use of the SGLF Mark by the current registrant of the sglf.org domain is without the permission or authorization of SGLF.

50.     The aforesaid registration and/or use of the sglf.org domain has caused and is likely to continue to cause confusion, mistake and/or deception among consumers and the public, leading the public falsely to believe that the sglf.org domain and/or the website provided thereunder are those of, are sponsored or approved by, or are in some way connected with SGLF.

51.     The aforesaid registration and/or use of the sglf.org domain constitutes direct infringement of SGLF's trademark rights in violation of the Lanham Act, 15 U.S.C. § 1125(a).

52.     The aforesaid acts have caused, and are causing, great and irreparable harm to SGLF and the public.  The harm to the public includes the potential for fraud stemming from impersonation of and/or misdirection from a website not affiliated with SGLF. The harm to

8

SGLF includes harm to the value and goodwill associated with the SGLF Mark. Money cannot fully compensate either of these harms. Unless permanently restrained and enjoined by this Court, the irreparable harm will continue.

## PRAYER FOR RELIEF

WHEREFORE, SGLF respectfully requests of this Court:

A.      That judgment be entered in favor of SGLF on its claims of trademark infringement and cybersquatting.

B.      That the Court order the domain registry for the Defendant Domain Name to change the registrar for the Defendant Domain Name to SGLF's registrar of choice, and order the registrar to change the registrant to SGLF.

C.      That the Court order an award of costs and reasonable attorney's fees incurred by SGLF in connection with this action pursuant to 15 U.S.C. § 1117(a); and

D.      That the Court order an award to SGLF of such other and further relief as the Court may deem just and proper.

Dated: May 28, 2026    By:    /s/ Attison L. Barnes, III
Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (for *pro hac vice*)
Kahlil H. Epps (for *pro hac vice*)
WILEY REIN LLP
2050 M St. NW
Washington, DC 20036
Tel: (202) 719-7000
abarnes@wiley.law
dweslow@wiley.law
kepps@wiley.law

*Counsel for Plaintiff*
*State Government Leadership Foundation*

10